**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>     v.<br><br>JOGINDER SINGH,<br>a/k/a Joga Singh,<br>a/k/a Shri Dutt,<br><br>                  Defendant. | Case No. 1:18-cv-01423<br><br>Judge John Z. Lee |

**JOINT MOTION FOR ENTRY OF CONSENT JUDGMENT OF DENATURALIZATION**

The United States of America ("United States" or "Plaintiff") and Joginder Singh, also known as Joga Singh and Shri Dutt, ("Defendant"), jointly move this Court to enter the attached proposed Consent Judgment of Denaturalization. This motion is supported by Defendant's admission to, and acknowledgment of the truth of, the allegations contained in Counts II and IV of the Complaint. *See* Compl., Dkt. No. 1.

To qualify for naturalization, an applicant must have been lawfully admitted to the United States for permanent residence and subsequently resided in this country for at least five years prior to the date of application. *See* 8 U.S.C. § 1427(a)(1); *see also* 8 U.S.C. § 1429. The term "lawfully" requires compliance with substantive legal requirements for admission and not mere procedural regularity. 8 U.S.C. § 1101(a)(20). An alien who, by fraud or willfully misrepresenting a material fact seeks to procure or has procured a visa, other documentation, or admission into the United States or other benefit provided for in the Immigration and Nationality Act ("INA") is inadmissible. *See* 8 U.S.C. § 1182(a)(6)(C)(i). Defendant admits that, because he was inadmissible at the time of his admission as a permanent resident, he was never lawfully

admitted to the United States as a permanent resident and thus did not – and could not now – satisfy 8 U.S.C. §§ 1429 and 1427(a)(1).

Additionally, under the law in effect at the time Defendant's asylum application was granted by the San Francisco Asylum Office, immigration courts had exclusive jurisdiction over applications for asylum filed by applicants in exclusion proceedings. 8 C.F.R. § 208.2(b) (1996). Defendant admits that he was placed in exclusion proceedings on December 29, 1995, when the Form I-122 was filed with the immigration court. Defendant remained in exclusion proceedings at a minimum through January 12, 1998, when he was ordered excluded in absentia. Accordingly, Defendant was in exclusion proceedings on January 27, 1997, when the San Francisco Asylum Office granted Defendant asylum. Because the Defendant was in exclusion proceedings, the grant of asylum was not in compliance with the substantive legal requirements to obtain that status. Because Defendant was ineligible to adjust his status to that of a lawful permanent resident, as his asylee status was not substantively valid, he was never lawfully admitted for permanent residence in accordance with the substantive legal requirements to obtain that status. Because Defendant was never lawfully admitted for permanent residence, he was and remains ineligible for naturalization under 8 U.S.C. §§ 1427(a)(1) and 1429.

Defendant admits that he arrived in the United States in 1992 with no travel documents. After failing to report for deferred inspection, he filed an asylum application in March 1993 under the name "Joga Singh." That application was referred to immigration court. After appearing in immigration court, Defendant failed to appear for his merits hearing in January 1998, and the immigration judge ordered him excluded and removed in absentia. Defendant admits that while in exclusion proceedings, he filed an asylum application in November 1996 under the name Joginder Singh, in which he listed different factual information concerning himself, his family, and his date and place of arrival in the United States than he listed in his 1993 asylum application under the name

Joga Singh. Defendant was granted asylum under the name Joginder Singh and he subsequently adjusted his status to permanent resident and, in 2012, was naturalized as a U.S. citizen. During his naturalization process, Defendant never disclosed that he had applied for asylum, been in exclusion proceedings, or that he had been ordered excluded under the name "Joga Singh."

Defendant admits prior to his admission as a permanent resident, he had sought to procure an immigration benefit by fraudulently or willfully misrepresenting material facts. Defendant admits at the time he obtained his permanent resident status he was inadmissible pursuant to 8 U.S.C. § 1182(a)(6)(C)(i) for seeking asylum by fraud or willfully misrepresenting material facts. In addition, Defendant admits that he was in exclusion proceedings at the time that he was granted asylum, and that he was therefore substantively ineligible to be granted asylum outside of the context of his exclusion proceedings.

Pursuant to 8 U.S.C. § 1451(a), this Court must revoke Defendant's naturalization and cancel his Certificate of Naturalization if his naturalization was either illegally procured, or procured by concealment of a material fact or willful misrepresentation. Defendant admits that his naturalization was illegally procured because he was never lawfully admitted for permanent residence as alleged in Counts II and IV of the Complaint. Compl. ¶¶ 69-77 & 85-95.

In light of the facts alleged in Counts II and IV of the Complaint, which Defendant admits are true, Defendant, having fully discussed the case with his counsel,[1] agrees with Plaintiff that denaturalization is proper and to avoid delay, uncertainty, inconvenience, and expense of further litigation does not wish to further contest denaturalization. Accordingly, Plaintiff and Defendant jointly move this Court for an order providing the relief requested in the

---

[1] Defendant's counsel, Michael J. Thoren, herein certifies that he has fully discussed this Joint Motion for Consent Judgment and the proposed Consent Judgment of Denaturalization with his client, the Defendant, and that the Defendant has read, fully understands, and agrees to the terms of this motion and proposed judgment.

attached proposed Consent Judgment of Denaturalization. The Parties also jointly request the Court to set a hearing for approximately 21 days from the effective date of the judgment at which Defendant must demonstrate that he has complied with the Judgment, unless the United States provides notice that Defendant has fully complied and the Judgment is satisfied.

Respectfully submitted,

_____
JOGINDER SINGH
Defendant

_____
MICHAEL J. THOREN
Law Offices of Michael J. Thoren
2150 W. Devon Ave., #1E
Chicago, IL 60659
Telephone: (312) 339-2453
E-mail: thorenlaw@gmail.com

Counsel for Defendant

CHAD A. READLER
Acting Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation

TIMOTHY M. BELSAN
Deputy Chief, National Security &
 Affirmative Litigation Unit

_____
AARON R. PETTY, IL 6293553
Counsel for National Security
National Security &
 Affirmative Litigation Unit
District Court Section
Office of Immigration Litigation
U.S. Department of Justice
219 S. Dearborn St., 5th Floor
Chicago, IL 60604
Telephone: (202) 532-4542
E-mail: Aaron.R.Petty@usdoj.gov

Counsel for Plaintiff